## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **KYRIMA ANDERSON et al.,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE**<br>**NO. 1:24-CV-02359-WMR** |
| **BRIAN KEMP et al.,** | **[Magistrate Judge McBath]** |
| **Defendants.** | |

### ORDER

Pending before the Court is Plaintiff Kyrima Anderson's application to proceed *in forma pauperis* ("IFP"). (Doc. 1.) For the following reasons, Plaintiff Kyrima Anderson's IFP application, (Doc. 1), is **DENIED WITHOUT PREJUDICE**, and Plaintiff is **ORDERED**, within **21 days** of the date of this Order, to either (1) pay the full filing fee, or (2) submit a complete IFP application answering fully and truthfully all questions posed.[1]

---

[1] Although the Sixth, Ninth, and Tenth Circuits have held that magistrate judges do not have authority to enter an order denying IFP status because the ruling is dispositive, other courts, including district courts in this and other circuits, have viewed denials of IFP applications as non-dispositive because they do not bar a plaintiff from proceeding by other means. *See Sanders v. Bayview Loan Servicing, LLC*, No. 1:19-CV-01008-LMM-AJB, 2019 WL 2354969, at *2 n. 2 (N.D. Ga. Mar. 5, 2019) (collecting cases). The Eleventh Circuit has not indicated whether a magistrate judge's denial of pauper status is a non-dispositive ruling, but a judge in this District has suggested so. *See Redford v. Planchard*, No. 1:09-mi-0199, 2009 WL 3158175, at *1 (N.D. Ga. Sept. 25, 2009) (Duffey, J. *adopting* King, M.J.) (citing *In Re Arnold v. Mortgage Electronic Registration Sys., Inc.*, 166 F. App'x 424, 425 (11th Cir. 2006) and *Camp v. Oliver*, 798 F.2d 434, 436-37 (11th Cir. 1986));

## I.    <u>DISCUSSION</u>

The Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [or non-prisoner][2] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful access to courts. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (§ 1915 is designed to ensure "that indigent persons will have equal access to the judicial system."). When considering an IFP application, the court's "only determination . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 130 (internal quotes and citations omitted). An IFP application is sufficient "if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."

---

*see also Yepes v. Hininger*, No. CV514-085, 2015 WL 1546869, at *3 (S.D. Ga. Apr. 6, 2015) ("[T]he Magistrate Judge's Order on Plaintiff's Motion to Proceed in Forma Pauperis squarely falls within his authority to issue orders on nondispositive pretrial matters.") (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). This Court finds the second group of cases more persuasive and therefore resolves the pending IFP application by order as opposed to report and recommendation. Regardless, the decision remains subject to review by the District Judge. Fed. R. Civ. P. 72(a).

[2] Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

*Id.*; *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (Before denying an IFP application, the court must first compare the litigant's assets and liabilities "to determine whether he has satisfied the poverty requirement.").

It bears emphasizing that § 1915 creates no absolute right to proceed in civil actions without payment of costs. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).[3] Instead, the statute conveys a privilege to proceed to those litigants unable to pay costs without undue hardship when the action is not frivolous or malicious, and the "permission to so proceed is committed to the sound discretion of the court." *Camp*, 798 F.2d at 437; *Startti*, 415 F.2d at 1116. While the privilege of proceeding IFP does not require a litigant to demonstrate absolute destitution, "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis*." *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 34 (S.D. Fla. 1984) (quoting *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968)).

Here, Plaintiff Kyrima Anderson asserts in her IFP application and affidavit in support thereof that over the last 12 months she received no income and that she expects to receive no income next month. (Doc. 1 at 1-2.) She states that she has not been employed in the past two years, she has no cash, no bank

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

account, no assets, and no expenses. (*Id.* at 2-5.) She also states that no one relies on her for support. (*Id.* at 3.) However, she filed a different IFP application in another lawsuit pending in this Court in which she states that she has two minor children who depend on her for support. (Doc. 1 at 3, *Anderson v. Tate et al*, No. 1:24-cv-02357-WMR-JEM.) Additionally, she refuses to state her age, years of schooling, Social Security Number, and the city and state of her legal residence, (*id.* at 5), though in her other IFP application she identifies her legal residence as Loganville, Georgia, (Doc. 1 at 5, *Anderson v. Tate et al*, No. 1:24-cv-02357-WMR-JEM). It therefore appears to this Court that Plaintiff has neither truthfully nor completely reported her financial situation and personal information, leading the Court to seriously doubt the veracity of her IFP application and supporting affidavit. Because her IFP application is incomplete, the Court has no way of determining whether Plaintiff qualifies for IFP status. The Court also notes that Plaintiff Kyrima Anderson's IFP application is subject to denial because she is the only plaintiff, out of three, who has filed an IFP application. (*See* Dkt.; Doc. 1); *Curry v. Ocwen Loan Servicing, LLC*, No. 1:17-CV-04450-WSD-AJB, 2017 WL 10671174, at *2 (N.D. Ga. Nov. 27, 2017) ("[I]f multiple plaintiffs seek to proceed [IFP], each plaintiff must qualify for IFP status."), *adhered to on reconsideration*, 2018 WL 3699000 (N.D. Ga. Mar. 28, 2018); *Zaragoza v. Litton Loan Servicing*, No. 1:10-CV-4117-RWS-AJB, 2011 WL 13319891, at *2 (N.D. Ga. Jan. 28, 2011) (collecting cases).

II.   **CONCLUSION**

For the foregoing reasons, Plaintiff Kyrima Anderson's IFP application, (Doc. 1), is **DENIED WITHOUT PREJUDICE**, and Plaintiffs are **ORDERED**, within **21 days** of the date of this Order, to either (1) pay the full filing fee, or (2) submit complete IFP applications answering fully and truthfully all questions posed. Plaintiffs are **ADVISED** that failure to do so may result in dismissal of this action.

The Clerk is **DIRECTED** to mail three blank Applications to Proceed in District Court Without Prepaying Fees or Costs (Long Form) to Plaintiffs at 300 W. Pine Street, Colquitt, Georgia 39837.

**SO ORDERED and DIRECTED** May 31, 2024.

J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE